Fill in this information to identify your case:

Debtor 1      Dylon  Dimitri  Kangas

Debtor 2      Brittany  Lorene  Kangas
(Spouse, if filing)

United States Bankruptcy Court for the Western District of Kentucky

Case number __

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

_____

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditor(s):** **Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.**

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in partial payment or no payment to the secured creditor.** | ☑ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

2.1  **Debtor(s) will make payments to the trustee as follows:**

$307.00 per Month for 60 months

[and $___ per ___ for ___ months.] *Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2  Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☑ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

Debtor <u>Dylon Kangas & Brittany Kangas</u>                                                                                                     Case Number

**2.3   Income tax refunds.**

   *Check one*

   ☒ Debtor(s) will retain any income tax refunds received during the plan term.

   ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

   ☐ Debtor(s) will treat income tax refunds as follows:
   _____

**2.4   Additional payments.**

   *Check one:*

   ☒ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

   ☐ Debtor(s) will make additional payment(s) to the trustee specified below. Describe the source, estimated amount, and date of each payment.
   _____

**2.5   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is <u>$18,420.00</u>.**

## Part 3:   Treatment of Secured Claims

**3.1   Maintenance of payments and cure of default, if any.**

   *Check One.*

   ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

   ☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| People's Security | 2007 Chevrolet Uplander | $57.17<br>☐ Trustee<br>☐ Debtor | $0.00 | | $0.00 | $0.00 |
| Eagle Finance | 2007 Chevrolet Uplander | $1.67<br>☐ Trustee<br>☐ Debtor | $0.00 | | $0.00 | $0.00 |

**3.2   Request for valuation of security, payment of fully secured claims, and modification ofunder secured claims.** *Check one.*

   ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

   **The remainder of this section will be effective only if the applicable box in Part 1 is checked**

   ☒ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

   The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

   The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

   (a) payment of the underlying debt determined under nonbankruptcy law, or

   (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| People's Security | $3,430.00 | 2007 Chevrolet Uplander | $2,000.00 | $5,068.00 | $3,430.00 | 4.00% | $57.17 | $3,430.00 |
| Eagle Finance | $1,638.00 | 2007 Chevrolet Uplander | $2,000.00 | $5,068.00 | $100.00 | 4.00% | $1.67 | $100.00 |
| Heights Finance Corp | $2,385.00 | Household goods - table and 6 chairs-$125; dishes-$20; silverware-$5; microwave-$20; portable dish washer-$100; 4 beds-$400; baby bed-$100; cradle-$50; baby swing-$25; 4 dressers-$300; sectional couch-$200; recliner-$50; end table-$25; coffee table-$35; lamp-$10; washer-$100; dryer-$100; push mower-$35; weed eater-$25; 4 chair patio set-$50; swimming pool-$50; hand tools-$100; power drill-$25 | $1,950.00 | $7,034.00 | $100.00 | 0.00% | $1.67 | $100.00 |
| ABC Finance | $1,984.00 | Household goods - table and 6 chairs-$125; dishes-$20; silverware-$5; microwave-$20; portable dish washer-$100; 4 beds-$400; baby bed-$100; cradle-$50; baby swing-$25; 4 dressers-$300; sectional couch-$200; recliner-$50; end table-$25; coffee table-$35; lamp-$10; washer-$100; dryer-$100; push mower-$35; weed eater-$25; 4 chair patio set-$50; swimming pool-$50; hand tools-$100; power drill-$25 | $1,950.00 | $7,034.00 | $100.00 | 0.00% | $1.67 | $100.00 |
| Oak Tree Finance | $1,685.00 | Household goods - table and 6 chairs-$125; dishes-$20; silverware-$5; microwave-$20; portable dish washer-$100; 4 beds-$400; baby bed-$100; cradle-$50; baby swing-$25; 4 dressers-$300; sectional couch-$200; recliner-$50; end table-$25; coffee table-$35; lamp-$10; washer-$100; dryer-$100; push mower-$35; weed eater-$25; 4 chair patio set-$50; swimming pool-$50; hand tools-$100; power drill-$25 | $1,950.00 | $7,034.00 | $100.00 | 0.00% | $1.67 | $100.00 |
| World Finance | $980.00 | Household goods - table and 6 chairs-$125; dishes-$20; silverware-$5; microwave-$20; portable dish washer-$100; 4 beds-$400; baby bed-$100; cradle-$50; baby swing-$25; 4 dressers-$300; sectional couch-$200; recliner-$50; end table-$25; coffee table-$35; lamp-$10; washer-$100; dryer-$100; push mower-$35; weed eater-$25; 4 chair patio set-$50; swimming pool-$50; hand tools-$100; power drill-$25 | $1,950.00 | $7,034.00 | $100.00 | 0.00% | $1.67 | $100.00 |

3.3   Secured claims excluded from 11 U.S.C. § 506.

*Check One.*

☑ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

3.4   Lien avoidance.

*Check One.*

☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

3.5   Surrender of Collateral.

*Check One.*

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### Part 4:   Treatment of Fees and Priority Claims

4.1   General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2   Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be <u>4.50%</u> of plan payments; and during the plan term, they are estimated to total <u>$792.36</u>.

4.3   Attorney's Fees

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $3,750.00.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*

☑ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

[o] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4)‹*

| Name of Creditor | Estimated amount of Claim to be paid |
|---|---|
|  | $ |

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $9,928.00.

☑ 100.00% of the total amount of these claims, an estimated payment of $9,928.00.

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

### 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

### 5.3 Separately classified nonpriority unsecured claims. *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

### 6.1 The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

☑ **Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid |
|---|---|---|---|
| Rent One | mini mouse child's chair | $2.50<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 |
| National Home Furnishings | Playstation4 | $14.31<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 |

## Part 7: Vesting of Property of the Estate

7.1   Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. *Check the applicable box to select an alternative vesting date:*

☑ plan confirmation.

☐ other: _____

# Part 8:   Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*These plan provisions will be effective only if the applicable box in § 1.3 is checked.*

Plan payments will be made by wage deduction in the amount of $71.00 per week.

# Part 9:   Signatures

**9.1   Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

/s/ Dylon Dimitri Kangas
Signature of Debtor 1

/s/ Brittany Lorene Kangas
Signature of Debtor 2

Executed on: 01/11/2019

Executed on: 01/11/2019

/s/ Mark Little
Signaure of Attorney for Debtor(s)

Executed on: 01/11/2019

**Signature(s) of Debtor(s)**

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(es) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | |
|---|---:|
| a. Maintenance and cure payments on secured claims (*Part 3, Section 3.1 total*) | $0.00 |
| b. Modified secured claims (*Part 3, Section 3.2 total*) | $3,930.00 |
| c. Secured claims excluded from 11 U.S.C. § 506 (*Part 3, Section 3.3 total*) | $0.00 |
| d. Judicial liens or security interests partially avoided (*Part 3, Section 3.4 total*) | $0.00 |
| e. Fees and priority claims (*Part 4 total*) | $4,542.36 |
| f. Nonpriority unsecured claims (*Part 5, Section 5.1, highest stated amount*) | $9,928.00 |
| g. Maintenance and cure payments on unsecured claims (*Part 5, Section 5.2 total*) | $0.00 |
| h. Separately classified unsecured claims (*Part 5, Section 5.3 total*) | $0.00 |
| i. Trustee payments on executory contracts and unexpired leases (*Part 6, Section 6.1 total*) | $0.00 |
| j. Nonstandard payments (*Part 8, total*) | $0.00 |
| **Total of lines a through j** | $8,472.36 |